IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE:                                              CHAPTER 13

JUSTIN R. BOULANGER                                 CASE NO.: 19-82715-CRJ-13
SSN: xxx-xx-6033

    Debtor,

## DEBTOR'S SUBMISSION OF PRE-CONFIRMATION AMENDMENT TO CHAPTER 13 BANKRUPTCY PLAN

    COMES NOW the Debtor, JUSTIN R. BOULANGER, and hereby submits his amended Chapter 13 Bankruptcy Plan pre-confirmation to show as follows:

    1.    Debtor is amending Section 2.1 to provide for payments of $100.00 per month for 1 month, $109.00 per month for 1 month, then $128.00 per month for 58 months.

    2.    Debtor is amending Section 3.1 to reflect the claim amount owed on the mortgage arrears and to adjust the monthly fixed payment on arrearage claim secured by the real property.

    3.    Debtor is amending Section 5.2 to adjust the base amount to $7,633.00.

    4.    Attached hereto is the Amended Chapter 13 Plan which the Debtor prays would be ratified and confirmed by this Honorable Court.

    /s/ Justin R. Boulanger
    JUSTIN R. BOULANGER, Debtor


    /s/ G. John Dezenberg, Jr.
    G. JOHN DEZENBERG, JR.
    Attorney for Debtor
    908-C North Memorial Parkway
    Huntsville, AL 35801
    Phone: (256) 533-5097

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 30, 2019, a copy of the foregoing has been served upon the following by depositing copies of same in the United States mail, properly addressed and postage prepaid, or if the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a Notice of Electronic Filing.

>Hon. Michele T. Hatcher, Trustee
>PO Box 2388
>Decatur, AL 35602

And to all parties listed on the Debtor's Mailing Matrix as attached hereto.

>/s/ G. John Dezenberg, Jr.
>G. JOHN DEZENBERG, JR.

Label Matrix for local noticing
1126-8
Case 19-82715-CRJ13
NORTHERN DISTRICT OF ALABAMA
Decatur
Mon Dec 30 15:55:03 CST 2019

Sutton Place Association, Inc.
c/o Adam C. Dauro
303 Williams Ave., Ste. 921
Huntsville, AL 35801-6084

U. S. Bankruptcy Court
400 Well Street
P. O. Box 2775
Decatur, AL 35602-2775

C. Howard Grisham
P.O. Box 5585
Huntsville, AL 35814-5585

Clear One Advantage
1501 S. Clinton St. #320
Baltimore, MD 21224-5733

Dept of ED/Navient
123 Justison St., 3rd Floor
Newark, DE 19713

Directv, LLC
by American InfoSource as agent
PO Box 5072
Carol Stream, IL 60197-5072

Emily Boulanger
127 Darrow Creek Dr.
Owens Cross Roads, AL 35763-5000

Engineering Research Corp.
308 Voyager Way NW, Unit 200
Huntsville, AL 35806-3207

GMFS
4561 Durham PL Unit C
Baton Rouge, LA 70816-4482

GMFS LLC
c/o Specialized Loan Servicing LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, Colorado 80129-2386

GMFS Serviced by
Specialized Loan Servicing
8742 Lucent Blvd #300
Littleton, CO 80129-2386

Maynard Cooper Gale
1901 Sixth Ave. North
2400 Regions Harbert Plaza
Birmingham, AL 35203

PNC Bank Motgage Services
P.O. Box 8703
Dayton, OH 45401-8703

Quantum3 Group LLC as agent for
Credit Corp Solutions Inc
PO Box 788
Kirkland, WA 98083-0788

Redstone Federal Credit Union
220 Wynn Drive
Huntsville, AL 35893-0001

Redstone Federal Credit Union
c/o C. Howard Grisham
Post Office Box 5585
Huntsville, AL 35814-5585

SYNCB/Amazon PLCC
PO Box 965015
Orlando, FL 32896-5015

SYNCB/Lowe's
PO Box 965005
Orlando, FL 32896-5005

Sutton Place Condos
2225 Golf Rd.
Huntsville, AL 35802-1312

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk VA 23541-1021

Webbank Yamaha
6555 Katella Ave.
Cypress, CA 90630-5101

Yamaha Motor Finance Corp.
6555 Katella Ave.
Cypress, CA 90630-5101

G. John Dezenberg Jr.
Dezenberg & Smith, PC
908-C N Memorial Parkway
Huntsville, AL 35801-5813

Justin R. Boulanger
112 Gaylor Dr.
Huntsville, AL 35811-9454

Michele T. Hatcher
Chapter 13 Trustee
P.O. Box 2388
Decatur, AL 35602-2388

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)PNC Bank, National Association

End of Label Matrix  
Mailable recipients    25  
Bypassed recipients    1  
Total    26

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Justin R. Boulanger** | | |
| | Name: First | Middle | Last |
| Debtor 2 (Spouse, if filing) | Name: First | Middle | Last |
| Case number: (If known) | 19-82715 | | |

Check if this is an amended plan ☑
Amends plan dated: 11/1/19

# Chapter 13 Plan

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☑ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☐ The plan sets out nonstandard provision(s) in Part 9.

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

$100 per **Month** for **1** month
$109 per **Month** for **1** month
$128 per **Month** for **58** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2** Regular payments to the trustee will be made from future income in the following manner *(check all that apply):*

☐ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:

☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment)

Case 19-82715-CRJ13    Doc 33    Filed 12/30/19    Entered 12/30/19 15:59:48    Desc Main
Document    Page 5 of 13

2.3 **Income tax refunds and returns.** *Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☐ Debtor(s) will treat income tax refunds as follows:

☐ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

2.4 **Additional Payment** *Check all that apply.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

2.5 **Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☑ Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (including escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| GMFS | 112 Gaylor Dr. Huntsville, AL 35811 Madison County | $126,728.00 | $877.00 Disbursed by: Debtor To Begin: 10/2019 | $2,663.32 | 2 | $112.00 | |

3.2 **Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed and need not be reproduced.*
*The rest of § 3.4 will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ **Total avoidance.** Debtor(s) seek to totally avoid the judicial lien(s) or Non-PPM security interest(s) securing the claim(s) listed below because each impairs Debtor(s)' available exemption(s) and the extent of the impairment equals or exceeds the amount of the lien or security interest. Unless otherwise ordered by the court, a judicial lien or Non-PPM security interest securing a claim listed below will be avoided in its entirety (as to the property described) upon entry of the order confirming the plan, and, unless otherwise provided by this plan or otherwise ordered, the creditor's entire claim will be treated as an unsecured claim in Part 5 to the extent allowed. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *(This section should be used if, after deducting the*

*amount(s) of Debtor(s)' available exemption(s) and of any mortgage lien(s) or other unavoided lien(s) and security interest(s) that encumber the subject property, Debtor(s) have no equity in the property. Debtor(s)' schedules contain information regarding the property value(s) and information regarding the mortgage(s) and other lien(s) and security interest(s) that encumber the property).*

| Name of Creditor | Amount of Lien or Non-PPM Security Interest | Proof of Claim Number (if a claim is filed) | Property Description (For a judicial lien, "the real and personal property of the judgment debtor situated in the count(ies) where the judgment lien is recorded" may be sufficient property description. For an Non-PPM security interest, describe the items pledged as collateral for the claim) | Lien/Non-PPM Security Interest Identification (For a judicial lien, provide the recording information for the instrument that gave rise to the judicial lien, including the date of the recording, the book and page numbers or instrument number, and the county of the recording office. For a Non-PPM security interest, list the date of the security agreement, the UCC filing number, or other identifying information.) |
|---|---|---|---|---|
| Redstone Federal Credit Union | $14,934.78 | | Real property located at 112 Gaylor Dr., Huntsville, AL 35811, Madison County | Judicial Lien recorded Madison County AL Probate Doc ID: 021305620001 |

☑ **Partial avoidance.** Debtor(s) seek to partially avoid the judicial lien(s) or Non-PPM security interest(s) securing the claim(s) listed below because each impairs Debtor(s)' available exemption(s) and the extent of the impairment is less than the amount of the lien or security interest. Unless otherwise ordered, a judicial lien or Non-PPM security interest securing a claim listed below will be avoided to the extent that it impairs such exemption(s) upon entry of the order confirming the plan. The amount of the judicial lien or Non-PPM security interest that is *not* avoided will be paid in full as a secured claim under the plan, as set forth below. Unless otherwise provided by this plan or otherwise ordered, the amount by which the creditor's claim exceeds the amount of the secured claim listed below shall be paid as an unsecured claim in Part 5 to the extent allowed. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *(If more than one lien or security interest is to be partially avoided, a separate chart must be used for each. Insert additional charts in § 3.4 as needed.)*

3.5 **Surrender of collateral.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the surrender of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| PNC Bank Motgage Services | 2225 Golf Rd. Unit 515 Huntsville, AL 35802 Madison County Joint with Ex-wife |
| Redstone Federal Credit Union | 2225 Golf Rd. Unit 515 Huntsville, AL 35802 Madison County Joint with Ex-wife |
| Sutton Place Condos | 2225 Golf Rd. Unit 515 Huntsville, AL 35802 Madison County Joint with Ex-wife |

**Part 4:** Treatment of Fees and Priority Claims

4.1 **General**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

4.2 **Chapter 13 case filing fee.** *Check one.*

| Debtor | Justin R. Boulanger | Case number | 19-82715 | Eff (01/01/2019) |

- [✓] Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
- [ ] Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3    Attorney's fees.**

The total fee requested by Debtor(s)' attorney is $**3,500.00**. The amount of the attorney fee paid prepetition is $**0.00**. The balance of the fee owed to Debtor(s)' attorney is $**3,500.00**, payable as follows (*check one*):

- [ ] $ at confirmation and $ per month thereafter until paid in full, or
- [✓] in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4    Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

- [✓] **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5    Domestic support obligations.** *Check one.*

- [✓] **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5:    Treatment of Nonpriority Unsecured Claims

**5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2    Percentage, Base, or Pot Plan.** *Check one.*

- [ ] 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
- [ ] Percentage Plan. This plan proposes to pay ____% of each allowed nonpriority unsecured claim.
- [ ] Pot Plan. This plan proposes to pay $____, distributed pro rata to holders of allowed nonpriority unsecured claims.
- [✓] Base Plan. This plan proposes to pay $**7,633.00** to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

**5.3    Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*
- [✓] **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4    Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

- [ ] **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

- [✓] Debtor(s) will maintain the contractual installment payments and cure any default in payments on the nonpriority unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. The allowed claim for the arrearage amount will be paid in full and disbursed by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim or amended proof of claim control over any contrary amount listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Current Installment Payment | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|
| Dept of ED/Navient | $1,591.00 | $0.00 (Currently Deferred) Disbursed by: <br>[ ] Trustee <br>[✓] Debtor(s) <br>To begin: | $0.00 | 0 | | |

**5.5    Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1    The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2    The executory contracts and unexpired leases listed below are rejected:** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

## Part 7: Sequence of Payments

**7.1    Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.**

## Part 8: Vesting of Property of the Estate

**8.1    Property of the estate will vest in Debtor(s)** *(check one)*:

☑ Upon plan confirmation.

☐ Upon entry of Discharge

## Part 9: Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

## Part 10: Signatures:

**Signature(s) of Debtor(s) required.**

Signature(s) of Debtor(s) *(required)*:

X  /s/ Justin R. Boulanger                        Date   12/30/19
   Justin R. Boulanger

X  _____                Date

**Signature of Attorney for Debtor(s):**
X  /s/ G. John Dezenberg, Jr.                     Date   12/30/19
   G. John Dezenberg, Jr. ASB-3786-R78G
   908-C North Memorial Pkwy
   Huntsville, AL 35801
   256-533-5097

Name/Address/Telephone/Attorney for Debtor(s):

By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.

Local Form Number LR 3015-1(c) (01/19)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

IN RE: **Justin R. Boulanger**   CASE NO. 19-82715

Debtor.

**CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN CONTAINING VALUATION, LIEN AVOIDANCE, § 1301 CO-DEBTOR STAY RELIEF, OR CONTAINING A NON- STANDARD PROVISION REQUIRING RULE 7004 SERVICE**

Debtor(s)' chapter 13 plan dated **9/9/19** (Doc. __) (check all that apply):

☐ seeks to value collateral and cram down one or more secured claims in Part 3.2
☑ seeks to avoid one or more liens in part 3.4
☐ requests termination of the § 1301 co-debtor stay in Part 3.5
☐ contains a nonstandard provision requiring Rule 7004 service

In accordance with Local Rule 3015-1(c), I certify that the creditors whose claims are affected have been served as follows:

| Creditor Name and Address (If the creditor is an entity other than an Insured Depository Institution ("IDI")*, identify, by name and title, the officer, managing agent, general agent, or other agent authorized to receive process to whose attention service was made. If the entity is an IDI, identify, by name and title, the officer to whose attention service was made via certified mail.) | Method of Service |
|---|---|
| Redstone Federal Credit Union<br>Joseph Newberry, CEO<br>220 Wynn Dr. NW<br>Huntsville, AL 35893 | ☐ First Class Mail<br>☑ Certified Mail No. ___ |
| C. Howard Grisham, Attorney for Redstone Federal Credit Union<br>PO Box 5585<br>Huntsville, AL 35814 | ☑ First Class Mail<br>☐ Certified Mail No. ___ |

* Most IDIs are banks, credit unions, or savings & loan associations.

In accordance with Local Rule 3015-1(c), I certify that the § 1301 co-debtor(s) who are subject to the termination of the § 1301 co-debtor stay have been served via First Class U.S. Mail as follows:

| Name and Address | Creditor | Collateral |
|---|---|---|
|  |  |  |

Under penalty of perjury, I declare that the foregoing is true and correct.

_9/9/19_
Date

Signature of Attorney for Debtor(s) or pro se Debtor(s)

Name/Address/Telephone/Email
**G. John Dezenberg, Jr. ASB-3786-R78G**
**908-C North Memorial Pkwy**
**Huntsville, AL 35801**
**256-533-5097**
**dezlaw@bellsouth.net**

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE: CASE NO.: 19-82715-CRJ-13

JUSTIN R. BOULANGER  CHAPTER 13
SSN: xxx-xx-6033

Debtor.

## STATEMENT OF DEBTOR

STATE OF ALABAMA
COUNTY OF MADISON

Before me, a Notary Public in and for the State of Alabama at Large, did personally appear JUSTIN R. BOULANGER, the Debtor in the above-styled cause, and being first duly sworn by me, did state under oath as follows:

My name is JUSTIN R. BOULANGER, and I am the Debtor in the above-styled cause. I own interest in the real property located at 112 Gaylor Drive, Huntsville, Alabama 35811. This property has a fair market value of $138,900.00. There is a first mortgage lien held by GMFS in the amount of $126,728.00. I have claimed a $15,500.00 homestead exemption in this real property.

I am surrendering my interest in 2225 Golf Rd. SW, Unit 515, Huntsville, Alabama to Redstone Federal Credit Union, Sutton Place Condo Association and the mortgage holder, PNC Bank Mortgage Services.

I am avoiding the Judgment Lien of Redstone Federal Credit Union as to my homestead property located at 112 Gaylor Drive, Huntsville, Alabama, only.

I further do not own any personal property that is non-exempt for the judgment lien to attach.

I certify that all of the above is true and correct.

Date: 9/9/19

_____
JUSTIN R. BOULANGER, Debtor

SWORN TO AND SUBSCRIBED BEFORE ME this 9th day of September, 2019.

_____
NOTARY PUBLIC

GEORGE JOHN DEZENBERG, JR.
My Commission Expires
October 10, 2022

My commission exp.: My Commission Expires: October 10, 2022

| State of Alabama<br>Unified Judicial System | **CERTIFICATE OF JUDGMENT** | Case Number |
|---|---|---|
| Form C-28  Rev. 10/99 | | CV18-901168DEO |

IN THE _____CIRCUIT_____ COURT OF _____MADISON COUNTY_____, ALABAMA
(Circuit or District)                                              (Name of County)

Redstone Federal Credit Union        v.        Justin Boulanger
**Plaintiff**                                              **Defendant**

112 Gaylor Dr.
Defendant's Address
Huntsville, AL 35811
City          State          Zip Code

Doc ID: 021305620001 Type: COJ
Filed/Cert: 10/18/2018 10:10:00 AM
Fee Amt: $25.75 Page 1 of 1
Madison County, AL
TOMMY RAGLAND  Probate Judge
File **2018-00067098**

Defendant's Telephone Number

Names and Addresses of Additional Parties to the
Judgment: *(attach separate sheets if necessary)*

I, Clerk of the above-named Court, hereby certify that on (date) __September 26, 2018__ plaintiff(s) recovered of defendants(s) in the Court a judgment ☐ with ☑ without waiver of exemptions for the sum of $ __14,934.78__ plus $ __515.14__ in court costs.

C. Howard Grisham, P.O. Box 5585, Huntsville, AL 35814  256-837-5100  is plaintiff's attorney of record.

Given under my hand this date __October 5, 2018__.

__Debra Kizer__ smu
Clerk

I certify that this instrument was filed for reco_____ at (time)
and duly recorded in book _____

Filed/Cert: 10/18/2018 10:10:00 AM
Fee Amt: $25.75 Page 1 of 1
Madison County, AL
TOMMY RAGLAND  Probate Judge
File **2018-00067098**

Judge of Probate

In re   Justin R. Boulanger                                             Case No.   **19-82715**
                               Debtor(s)                                 Chapter    **13**

# CERTIFICATE OF SERVICE

I hereby certify that on **December 30, 2019**, a copy of **Debtor's Amended Chapter 13 Plan** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

- C. Howard Grisham
- Clear One Advantage
- Dept of ED/Navient
- GMFS
- GMFS Serviced by
- PNC Bank Motgage Services
- Redstone Federal Credit Union
- Sutton Place Condos
- SYNCB/Amazon PLCC
- SYNCB/Lowe's
- Webbank Yamaha

/s/ G. John Dezenberg, Jr.
G. John Dezenberg, Jr. ASB-3786-R78G
Dezenberg & Smith, P.C.
908-C North Memorial Pkwy
Huntsville, AL 35801
256-533-5097 Fax:256-533-0068
dezlaw@bellsouth.net